OPINION
{¶ 1} This action in mandamus and prohibition is presently before this court for final consideration of the petition of relator, Stanley Smith. Upon reviewing the factual assertions supporting both claims, we conclude that relator has failed to state a viable basis for either writ because his own assertions indicate that respondent, Judge Alfred W. Mackey of the Ashtabula County Court of Common Pleas, did not exceed the scope of his jurisdiction in rendering a judgment against relator in an underlying criminal case. As a result, the sua sponte dismissal of this action is warranted under Civ.R. 12(B)(6).
 {¶ 2} The subject matter of this action concerns the legal propriety of relator's conviction in Ashtabula C.P. Case No. 2003-CR-192 on a single count of tampering with evidence. According to relator, his conviction was predicated on a guilty plea which he entered approximately one month after he had been indicted. After accepting the guilty plea, respondent, as the presiding judge over the underlying case, sentenced relator to a one-year prison term.
 {¶ 3} As the basic grounds for both of his instant claims, relator has asserted in his petition that the foregoing conviction must be now declared unenforceable because respondent did not have jurisdiction to accept the plea and sentence him. In support of this assertion, he has argued that the one-count indictment against him was defective because it did not refer to each element of the offense of tampering with evidence, as defined under R.C. 2921.12(A)(1). Specifically, relator has argued that the indictment was flawed because it did not state the means by which he tampered with any item or "thing" pertaining to an official investigation.
 {¶ 4} In light of the foregoing, relator has requested this Court to issue a writ of mandamus which would require respondent to vacate his conviction in the underlying case. He has also requested the issuance of a writ of prohibition to enjoin respondent from attempting to exercise any jurisdiction over him in the future.
 {¶ 5} As to the substance of relator's petition, this court would note that, under Ohio law, a criminal indictment is intended to serve two basic purposes: (1) it compels the state to aver all material elements of the charged offense so that the defendant can have proper notice and a reasonable opportunity to defend himself; and (2) by properly identifying the charged offense, it protects the defendant from future prosecutions for the same crime. State v. Bowles, 9th Dist. No. 01CA0023, 2001-Ohio-1656. If the state fails to ensure that an indictment sets forth all vital elements characterizing a particular offense, it is considered flawed to such an extent that it cannot be amended by the trial court. State v. Childs, 88 Ohio St.3d 194, 2000-Ohio-298.
 {¶ 6} Although a flaw in the indictment could result in the dismissal of the case for lack of jurisdiction, the standard for determining the legal sufficiency of an indictment is relatively simple. In Childs, the Supreme Court of Ohio stated that the requirements for a proper indictment can generally be met if the prosecutor follows the language of the statute defining the offense. Id., at 198. Based upon this general rule, it has been held that, so long as the indictment refers to all statutory elements of a crime, it will be deemed sufficient even when it does not state the particular facts of that case. State v. Blackwell, 6th Dist. No. L-01-1031, 2002-Ohio-6352. For example, the failure to state the specific felony offense upon which a kidnapping charge is based, does not render an indictment insufficient because the defendant can obtain a statement of the specific allegations through a bill of particulars.State v. Smith, 8th Dist. No. 83007, 2004-Ohio-3619.
 {¶ 7} In the instant action, relator has attached to his petition a full copy of the indictment against him in the underlying criminal case before respondent. Our review of that document readily indicates that the state followed the specific language from R.C. 2921.21(A)(1) in charging relator with tampering with evidence. Specifically, the state's indictment alleged that, even though he knew that an item would be, or was, the subject of an official investigation, he altered, concealed, or removed that item with the purpose of impairing its value or availability as evidence.
 {¶ 8} In Blackwell, the Sixth Appellate District emphasized that, even though it was the better practice to refer in an indictment to the exact facts of the underlying case, such a reference is not necessary for the indictment to be legally sufficient. Id., 2002-Ohio-6352, at ¶ 12. Thus, the propriety of the indictment in the present matter before us was not affected by the lack of reference to the specific item involved or the method in which relator had allegedly tampered with it. If relator needed to know that information in order to present a full defense, his trial counsel could have obtained it by requesting a bill of particulars. Accordingly, since the indictment in Ashtabula C.P. Case No. 2003-CR-192 contained sufficient allegations to inform relator of each element of the charged offense, respondent had jurisdiction to go forward and sentence him upon accepting his guilty plea.
 {¶ 9} As a general proposition, a civil action can be dismissed for failure to state a viable claim for relief when the nature of the allegations are such that, even when the allegations are interpreted in a manner most favorable to the plaintiff, they still indicate beyond any reasonable doubt that the plaintiff will not able to prove a set of facts under which he would be entitled to the requested relief. State ex rel.Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. Lexis 3282. Moreover, in applying the foregoing standard, a court can consider both the allegations in the petition and any materials attached to the petition. Id.
 {¶ 10} In prior original actions in which relator's request for writs of mandamus and prohibition have been predicated upon allegations that the judge in the underlying criminal case did not have jurisdiction, this court has held that his claims can be subject to dismissal under Civ.R. 12(B)(6) when his own allegations demonstrate that the judge did have the authority to proceed. See State ex rel. Smith v. Yost, 11th Dist. No. 2003-A-0044, 2003-Ohio-4228. The same analysis would apply in this instance. Specifically, relator has failed to state a viable claim for a writ of mandamus because, since relator's allegations establish that respondent had jurisdiction over him in the underlying matter, respondent would not have a legal duty to vacate the conviction. Similarly, he has failed to state a viable claim for a writ of prohibition because his allegations demonstrate that respondent can continue to exercise jurisdiction over the criminal case, if necessary.
 {¶ 11} Since our review of relator's entire petition readily establishes that he will be unable to prove any set of facts entitling him to a writ of mandamus or prohibition, this action must be dismissed under Civ.R. 12(B)(6). Therefore, it is the sua sponte order of this court that relator's entire petition is hereby dismissed.
Ford, P.J., O'Neill, J., Rice, J., concur.