OPINION *Page 2 
{¶ 1} Defendant-appellant Kirk B. Sessler ("Sessler") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding him guilty of two counts of intimidation.
 {¶ 2} On May 22 and 23, 2006, Sessler and his live-in girlfriend, Linda Chatman ("Chatman") had a dispute. Eventually Sessler left the home and Chatman went to bed. Chatman was awoken at approximately 2:00 a.m. by Sessler demanding an apology for her earlier comments. Sessler also indicated that he had been drinking. After Chatman apologized, Sessler struck Chatman on her face twice. Chatman attempted to reach for the telephone and Sessler jumped on top of her, placed his hands on her throat, and threatened to kill her if she called the police. Sessler then left the room. Chatman then attempted to call for help. Sessler returned to the room, took the telephone from her, and threatened to kill her son or anyone else she called for help. Sessler again left the room, but took the telephone with him. Sessler went through the remainder of the house pulling the remaining telephones from the walls. As Chatman attempted to leave the house, Sessler grabbed her by the hair, pulled her back through the house, slammed her head into the floor, and began kicking her in the back and legs. Sessler then smashed the glass coffee table by throwing a rock through it. *Page 3 
 {¶ 3} Chatman again attempted to get to the door. Sessler grabbed her and a piece of glass from the coffee table. Sessler then held the glass to Chatman's throat, placed a pillow over her face and began suffocating her. While doing these acts, Sessler told Chatman that he was going to kill her. Eventually, Chatman was able to escape to the neighbors' home, who took her to the hospital and then the police station.
 {¶ 4} On June 12, 2006, Sessler was indicted for two counts of intimidation in violation of R.C. 2921.04(B), which are classified as third degree felonies. The State provided Sessler with open discovery, meaning that Sessler had access to the entire prosecution file and the entire police file. Throughout the pretrial proceedings, Sessler filed numerous pro-se motions despite the fact that counsel was provided. These motions included one for a Bill of Particulars, which the State provided on August 31, 2006. On September 21, 2006, a jury trial was held. Sessler was convicted on both counts and ordered to serve five years in prison on each charge, with the terms to be served consecutively. Sessler appeals from this judgment and raises the following assignments of error.
 The trial court erred in overruling [Sessler's] motion for acquittal, pursuant to Rule 29.
 The trial court erred in convicting [Sessler] of two general felonies, rather than a specific misdemeanor. *Page 4 
 The trial court erred by allowing trial on indictments that were void, lacking elements, and failed to give [Sessler] proper notice of what allegations would be proven.
 The trial court erred by failing to order that a proper bill of particulars be given to [Sessler].
 The trial court erred in finding [Sessler] guilty of a felony, when the verdict forms supported only a verdict of a misdemeanor.
 The trial court erred in sentencing [Sessler] to maximum consecutive sentences.
 {¶ 5} Sessler's first assignment of error claims that the trial court erred in overruling his motion for acquittal pursuant to Criminal Rule 29. Sessler was charged with two counts of intimidation in violation of R.C. 2921.04(B). To prove a charge of intimidation of a victim in a criminal case, the State must show that the defendant knowingly by force attempted to intimidate a victim of a crime from filing criminal charges. R.C. 2921.04(B). An appellate court's function when reviewing a denial of a motion for acquittal pursuant to Criminal Rule 29 is to determine whether, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find all of the essential elements of the offense proven beyond a reasonable doubt.State v. Shoemaker, 3rd Dist. No. 14-06-12,2006-Ohio-5159, ¶ 59. "Under [Criminal Rule 29(A)], a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." Id. at ¶ 61. *Page 5 
 {¶ 6} Here, Chatman testified that after Sessler had hit her several times, she returned to the bed where she had placed the cordless phone. Tr. 74-75. She then testified that Sessler "jumped on top of me on the bed and had me by my throat and told me if I had tried to call the police or anybody he was going to kill me." Id. at 75. She also testified that Sessler kept threatening her that he would kill her if she tried to call the police or anyone else. Id. at 76-80. At the time he was threatening to kill her, he put a shard of broken glass to her throat and threatened to cut her and at another time placed a pillow over her face while threatening to kill her. Id. Finally, Chatman testified that she was afraid that Sessler would kill her if she went for help. Id. at 102-104. Viewing this evidence in a light most favorable to the State, a juror could conclude that the elements of the offense were proven beyond a reasonable doubt. The trial court did not err in denying the motion for acquittal and the first assignment of error is overruled.
 {¶ 7} Sessler's second assignment of error alleges that the trial court erred in convicting him of two general felonies rather than a specific misdemeanor. Sessler argues that the trial court should only have been convicted of either domestic violence, assault, or aggravated menacing for his actions. Sessler claims that the facts of this case could potentially support charges for assault or aggravated menacing, which are more specific charges than intimidation. "Where it is clear that a special provision prevails over a general provision or the Criminal *Page 6 
Code is silent or ambiguous as to which provision prevails, under R.C.1.51, a prosecutor may charge only on the special provision." State v.Wickard, 3rd Dist. No. 5-05-30, 2006-Ohio-6088, ¶ 10. "However, where it is clear that a general provision applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both." Id. at ¶ 12. The restriction set forth in R.C. 1.51
only applies if the offenses are allied offenses of similar import. Id.
 {¶ 8} To be an allied offense of similar import, the elements must align in such a way that the commission of one offense automatically results in the commission of the other. State v. Ranee,85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. The elements of intimidation do not line up with those of either assault or aggravated menacing. While an assault or aggravated menacing may occur while intimidation is being committed, it is not necessary. Additionally, one can commit assault or aggravated menacing without committing intimidation. The difference is the use of force or threat of force for the purpose of hindering a victim from reporting a crime. Since the offenses are not allied offenses of similar import, the restriction set forth in R.C. 1.51 does not apply, and the trial court did not err in allowing the convictions for intimidation. The second assignment of error is overruled.
 {¶ 9} Next, Sessler claims that the indictment was inadequate because they merely provided a recitation of the statute. "The statement may be in the *Page 7 
words of the applicable section of the statute, provided the words of that section of the statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B).
 Although a flaw in the indictment could result in the dismissal of the case for lack of jurisdiction, the standard for determining the legal sufficiency of an indictment is relatively simple. In Childs, the Supreme Court of Ohio stated that the requirements for a proper indictment can generally be met if the prosecutor follows the language of the statute defining the offense. [State v. Childs, 88 Ohio St.3d 194, 2000-Ohio-298, 724 N.E.2d 781]. Based upon this general rule, it has been held that, so long as the indictment refers to all statutory elements of a crime, it will be deemed sufficient even when it does not state the particular facts of that case. State v. Blackwell, 6th Dist. No. L-01-1031, 2002-Ohio-6352. For example, the failure to state the specific felony offense upon which a kidnapping charge is based, does not render an indictment insufficient because the defendant can obtain a statement of the specific allegations through a bill of particulars. State v. Smith, 8th Dist. No. 83007, 2004-Ohio-3619.
State ex rel. Smith v. Mackey, 11th Dist. No. 2004-A-0080, 2005-Ohio-825, ¶ 6.
 {¶ 10} The indictment in this case used the exact language of the statute, quoted the statutory section, and specified that Sessler committed the acts on or about May 23, 2006. Although the indictment did not state the particular facts upon which the indictment is based, the statutory elements were all present. Sessler then was able to obtain the factual basis from the bill of particulars and the State's prosecutorial file. Because the indictment contained all of the statutory *Page 8 
elements, the indictment is sufficient to provide Sessler with the required notice. The third assignment of error is overruled.
 {¶ 11} The fourth assignment of error claims that the trial court erred in not ordering a more specific bill of particulars than was provided by the State.
 The purpose of a bill of particulars "is to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to prevent surprise, or to plead his acquittal or conviction in bar of another prosecution for the same offense."
 * * *
 While the bill of particulars must enable the defendant to prepare for trial, it is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. * * * A bill of particulars need not include information that is within the knowledge of the defendant or information that the defendant could discover herself with due diligence. * * * Additionally, a bill of particulars need not be precise, but rather "need only be directed toward the conduct of the accused as it is understood by the state to have occurred." * * *
State v. Miniard, 4th Dist. No. 04CA1, 2004-Ohio-5352, ¶ 21-23 (citations omitted). In this case, Sessler was told that the charges stemmed from his actions on May 23 where he threatened the life of the victim and "brutally beat the victim." Bill of Particulars. Under its policy of open discovery, the State had previously provided Sessler with copies of the indictment and the entire police report in the State's possession. The State also notified Sessler of his right to completely review any evidence possessed by the Galion Police Department. *Page 9 
Given the facts that Sessler had access to all of the evidence that the State had and was allegedly present for the offense, the bill of particulars did not need to include any additional information. The trial court did not abuse its discretion in denying Sessler's motion for a more detailed bill of particulars and the fourth assignment of error is overruled.
 {¶ 12} The fifth assignment of error alleges that the verdict forms did not support convictions for intimidation. Sessler cites the Ohio Supreme Court's recent opinion in State v. Pelfrey, 112 Ohio St.3d 422,2007-Ohio-256, 860 N.E.2d 735, as requiring the verdict form to specify the degree of the offense. In Pelfrey, the Supreme Court addressed the question "[w]hether the trial court is required as a matter of law to include in the jury verdict form either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial." Id. at ¶ 1. The Ohio Supreme Court answered the question in the affirmative and held as follows.
 The statutory requirement certainly imposes no unreasonable burden on lawyers or trial judges. R.C. 2945.75(A) plainly requires that in order to find a defendant guilty of "an offense * * * of more serious degree," the guilty verdict must either state *Page 10 
 "the degree of the offense of which the offender is found guilty" or state that "additional element or elements are present." R.C. 2945.75(A)(2) also provides, in the very next sentence, what must occur if this requirement is not met: "Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." When the General Assembly has written a clear and complete statute, this court will not use additional tools to produce an alternative meaning.
Id. at ¶ 12. "The express requirements of the statue cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." Id. at ¶ 14. The Supreme Court held that if the verdict form does not state the degree of the offense or the additional elements necessary to reach the higher degree, then the defendant must be presumed to have been convicted on the least degree of the offense charged. Id.
 {¶ 13} The verdict forms in this case specify that the jury is finding Sessler either guilty or not guilty of intimidation "in manner and form as he stands charged in the indictment." Form. The forms did not specify the degree of the offense charged or set forth any aggravating factors. The only difference between divisions A and B of R.C. 2921.04 as it applies to this case is the question whether the defendant "knowingly and by force or by unlawful threat of harm to any person or property" attempted to intimidate the victim. If there is no force or *Page 11 
threat of harm, the defendant may be found guilty under R.C. 2921.04(A), which is a first degree misdemeanor. R.C. 2921.04(D). If there is force or the threat of harm, the defendant may be found guilty of a third degree felony. R.C. 2929.04(D). This court notes that Sessler was properly charged, the jury instructions specified the correct offense and degree, and the verdict form incorporated by reference the indictment. However, the verdict form does not specify the degree of the offense or even statutory section upon which the offense is based and does not contain any reference to the use of force or threat of harm. The form, therefore, does not permit a determination as to which degree of offense Sessler is guilty of committing. Being obligated to follow the rulings of the Ohio Supreme Court, we must, pursuant to R.C.2945.75(A)(2) and the holding of the Ohio Supreme Court inPelfrey[1], hold that as to each count of intimidation, the jury found Sessler guilty of the least offense, which is intimidation under R.C.2921.04(A), a first degree misdemeanor. The fifth assignment of error is sustained.
 {¶ 14} Finally, Sessler claims that the trial court erred in sentencing him to maximum, consecutive sentences. Having found an error with the verdict forms and determined that Sessler can only be sentenced for misdemeanors rather than *Page 12 
felonies, Sessler must be resentenced. Thus, this assignment of error is moot and need not be addressed.
 {¶ 15} The judgment of the Court of Common Pleas of Crawford County is affirmed in part and reversed in part. The matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
ROGERS, P.J., and PRESTON, J., concur. r
[1] While we note that the trial in this case occurred prior to the decision in Pelfrey, we must nonetheless apply the holding ofPelfrey to this appeal. *Page 1