[Cite as *State v. Gregory*, 2013-Ohio-853.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  6-12-02

    v.

TRACE ELLIOT GREGORY,           O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Hardin County Common Pleas Court
Trial Court No. 20112177CRI

Judgment Reversed and Cause Remanded

Date of Decision:    March 11, 2013


APPEARANCES:

    *Michael J. Short*  for Appellant

    *Bradford W. Bailey and Siobhonne K. Ward* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Trace Elliot Gregory, appeals the judgment of the Court of Common Pleas of Hardin County, finding him guilty of domestic violence and sentencing him to a 36 month prison term. On appeal, Gregory contends that the verdict form is insufficient under R.C. 2945.75(A)(2) to support his conviction for domestic violence as a third degree felony, and that the trial court erred when it informed him that he was subject to three years of optional post-release control. Based on the following, we reverse the trial court's judgment.

{¶2} On August 13, 2011, Julie Hobarty appeared at Glenn Moyer's residence covered in blood and asked him to call law enforcement. According to Moyer, Hobarty informed him that a man had beaten her. Upon arrival, law enforcement found Hobarty at Moyer's residence and observed blood coming from her nose and covering her clothing. Hobarty informed the officers that her boyfriend, Gregory, had struck her in the nose.

{¶3} On September 9, 2011, the Hardin County Grand Jury returned an indictment charging Gregory with a single count of domestic violence in violation of R.C. 2919.25(A), (D)(4), a felony of the third degree.

{¶4} On February 2, 2012, the matter proceeded to a jury trial. That same day, the jury returned a verdict of guilty on the sole count. Later that same month, the trial court sentenced Gregory to a prison term of 36 months.

{¶5} It is from this judgment Gregory appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT [ERRED] IN SENTENCING THE DEFENDANT TO 36 MONTHS IN PRISON AS THE VERDICT FORM WAS SUFFICIENT ONLY TO CONVICT THE DEFENDANT OF A FIRST DEGREE MISDEMEANOR.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED WHEN IT INFORMED THE DEFENDANT THAT HE WAS SUBJECT TO THREE YEARS OF OPTIONAL POST-RELEASE CONTROL.**

### Assignment of Error No. I

{¶6} In his first assignment of error, Gregory contends that the verdict form is insufficient under R.C. 2945.75(A)(2) to support his conviction for domestic violence as a third degree felony. We agree.

{¶7} Initially, we note that Gregory did not object to the verdict form at trial. As a result, Gregory has forfeited all but plain error. *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, ¶ 11. In order to have plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*,

-3-

94 Ohio St.3d 21, 27 (2002). Plain error is to be used "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.* Accordingly, plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431 (1997).

{¶8} R.C. 2945.75 provides, in relevant part:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶9} The Supreme Court first considered the effect of not complying with R.C. 2945.75(A)(2) in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256. Pelfrey was charged with tampering with government records in violation R.C. 2913.42(A)(1), (B)(4), a felony of the third degree. *See State v. Pelfrey*, 2d Dist. No. 19955, 2004-Ohio-3401. The verdict form for that count stated:

We, the jury, upon the issues joined in this case, do find the Defendant, David L. Pelfrey, Guilty of the offense of Tampering With Records as charged in the indictment. *State v. Pelfrey*, 2d Dist. No. 19955, 2005-Ohio-5006, ¶ 10.

Subsequently, Pelfrey was convicted of tampering with records as a third degree felony. While Pelfrey did not challenge the verdict form before the trial court or

on direct appeal, the court of appeals reopened the appeal under App.R. 26(B). *Id.* at ¶ 4. Pelfrey argued that the verdict form did not comply with R.C. 2945.75(A)(2), and therefore his conviction should be reduced to the lowest degree of the offense charged, a first degree misdemeanor. *Id.* at ¶ 5; R.C. 2913.42(B)(2). The court of appeals agreed and reversed the trial court's judgment. *Id.* at ¶ 23, 26. Subsequently, the Supreme Court accepted discretionary appeal and certified conflict among the courts of appeals.

> {¶10} The Supreme Court addressed the following certified question:
>
> Whether the trial court is required as a matter of law to include in the jury verdict form either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at ¶ 1.

The majority's response to this question was yes. *Id.* The majority held "that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* at ¶ 14; *see also State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180 (holding in *Pelfrey* is applicable to charging statutes that contain separate sub-parts with distinct offense levels). The

court further explained that "[t]he express requirement of [R.C. 2945.75] cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Id.*

{¶11} Contrary to the majority's holding, the dissent found Pelfrey's argument unavailing in two respects. First, the dissent disagreed with the majority's application of strict compliance, arguing that the standard should be one of substantial compliance. *Id.* at ¶ 19 (O'Donnell & Lundberg Stratton, JJ., dissenting). Applying this standard, the dissent found that the phrase "as charged in the indictment" contained within the verdict form substantially complied with R.C. 2945.75(A)(2), since the indictment referred to government records. *Id.* at ¶ 24.

{¶12} Second, the dissent argued that even if there was no substantial compliance, Pelfrey did not preserve the issue for appeal and therefore the issue was waived absent plain error. *Id.* at ¶ 31. Under plain error, the dissent found that there was no question that the jury understood that Pelfrey was accused of tampering with government records. *Id.* at ¶ 33. As a result, the dissent concluded

that the error was not plain because even had the trial court complied with R.C. 2945.75(A)(2) the outcome of the trial would not have been different. *Id*.

{¶13} Recently, the Supreme Court revisited the effect of not complying with R.C. 2945.75(A)(2) in *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224. Eafford was charged, in relevant part, with possession of "cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount less than 5 grams," among other counts, in violation of R.C. 2925.11(A). *Id*. at ¶ 4. The verdict form for that count stated:

> We, the Jury in this case being duly impaneled and sworn, do find the Defendant, Donald Eafford, guilty of Possession of Drugs in violation of § 2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment. (Emphasis deleted.) *Id*. at ¶ 6.

Subsequently, Eafford was convicted of possession of drugs as a fifth degree felony. While Eafford did not challenge the verdict form before the trial court, he did assign error to the verdict form on appeal arguing that it did not comply with R.C. 2945.75(A)(2), and therefore his conviction should be reduced to the lowest degree of the offense charged. The Eighth District Court of Appeals agreed, vacated the sentence, and remanded the matter for resentencing. Subsequently, the Supreme Court accepted discretionary appeal.

{¶14} On appeal, the court reversed the court of appeals. In doing so, the majority recognized that Eafford, having not objected to the verdict form before the trial court, forfeited all but plain error. *Id*. at ¶ 11. Under plain error, the

majority, looking at the totality of the record, observed that the indictment, the evidence presented at trial, and the jury instructions all referred to cocaine. *Id.* at ¶ 17. Given these circumstances, the majority found that the failure to include either the degree of the offense or a finding that the drug involved was cocaine in the verdict form did not constitute plain error. *Id.* at ¶ 18. The majority reasoned that even if the trial court complied with R.C. 2945.75(A)(2) the outcome of the trial would not have been different. *Id.*

{¶15} Contrary to the majority's holding, the dissent found that the matter should have been dismissed as having been improvidently allowed. *Id.* at ¶ 25 (Lanzinger & Pfeifer, JJ., dissenting). The dissent found that a reversal of the of the court of appeals' judgment was a violation of Eafford's Sixth Amendment rights. *Id.* at ¶ 20. Specifically, the dissent argued that "by holding that a verdict form can be modified by the indictment, the evidence at trial, the argument of counsel, and the jury instructions, the majority allows a judge to supplant the language of the jury verdict and the jury's findings." *Id.*

{¶16} Applying *Pelfrey*, the dissent found that the court of appeals properly reversed the trial court's judgment because the verdict form neither included the degree of the offense nor a finding concerning the aggravating element. *Id.* at ¶ 22, 25. In so finding, the dissent noted that "[t]his situation could have been avoided by the prosecutor's careful review of the verdict form before it

was submitted to the jury[,]" thus placing the burden on the state to ensure the verdict form complies with R.C. 2945.75(A)(2). *Id*. at ¶ 25.

{¶17} Though the majority in *Eafford* does not mention *Pelfrey*, it appears that its decision conflicts with the holding in *Pelfrey*. In both cases, the defendants did not object to the verdict forms before the trial court. In *Pelfrey*, the court, conscious of the defendant's failure to object to the verdict forms before the trial court, stated that the requirement of R.C. 2945.75(A)(2) "cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at ¶ 14. Conversely, in *Eafford*, the court determined that the additional circumstances enumerated in *Pelfrey* can save a conviction from being reduced to the lowest degree of the offense charged even when the verdict form does not include either the degree of the offense or a finding concerning the aggravating element. *Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, at ¶ 17-18.

{¶18} Although the court's decisions in *Pelfrey* and *Eafford* apparently contradict each other, the *Eafford* Court did not expressly overrule *Pelfrey*. Indeed, *Eafford* contains no reference to its effect on *Pelfrey*. In light of *Eafford*'s

silence and our strict interpretation of R.C. 2945.75(A)(2) as required by R.C. 2901.04(A) and *Pelfrey*, we find that *Pelfrey* controls the disposition of this matter. *See*, *e.g.*, *State v. Schwable*, 3d Dist. No. 7-09-03, 2009-Ohio-6523.

{¶19} Here, Gregory was charged with domestic violence in violation of R.C. 2919.25(A), (D)(4), a felony of the third degree. For a domestic violence offense to constitute a third degree felony, the jury must make the additional finding that the defendant "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence[.]" R.C. 2919.25(D)(4). Without this finding, the defendant's domestic violence offense constitutes a first degree misdemeanor. R.C. 2919.25(D)(2).

{¶20} At trial, Gregory stipulated that he has two prior convictions of domestic violence, and copies of those convictions were admitted into evidence. After the parties' closing arguments, the trial court instructed the jury, in relevant part, as follows:

> Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about August 13[th], 2011, and in Hardin County, Ohio, the Defendant knowingly caused or attempted to cause physical harm to a family or household member, and further you must find Defendant has pleaded guilty to or has been convicted of two or more offenses of domestic violence involving a person who was a family or household member at the time of the violations or offenses.[1] Trial Tr., p. 156.

---

[1] This language also appears in the typewritten jury instructions provided to the jury during deliberations.

{¶21} Although Gregory stipulated that he had two prior convictions for domestic violence and the jury instructions specified the correct offense and degree, these facts, under *Pelfrey*, do not excuse the failure to comply with R.C. 2945.75(A)(2).[2] *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at ¶ 13. The verdict form here reads:

> We, the Jury in this case find the Defendant, Trace Elliot Gregory, <u>guilty</u> of the offense of Domestic Violence. (Docket No. 25).[3]

Clearly, the verdict form does not include either the degree of the offense (i.e., a third degree felony) or the aggravating element (i.e., two prior domestic violence convictions), as required by R.C. 2945.75(A)(2). Under *Pelfrey*, the verdict form is insufficient to convict Gregory of a third degree felony. Accordingly, we find the failure to comply with R.C. 2945.75(A)(2) results in plain error.

{¶22} The State, however, contends that the verdict form does comply with R.C. 2945.75(A)(2), and thus does not offend the holding in *Pelfrey*. The State relies on *State v. Sessler*, 3d Dist. No. 3-06-23, 2007-Ohio-4931, and *Schwable*, 3d

---

[2] We note that when parties to an action are able to reach a stipulation on an essential element of an offense that stipulation does not have the effect of withdrawing the issue from the jury's consideration, and therefore a finding on the stipulated fact is still necessary. *State v. Cisternino*, 11th Dist. No. 99-L-137 (Mar. 30, 2001), citing *State v. Fatica*, 11th Dist. No. 93-G-1799 (Oct. 15, 1999); *see also State v. Williams*, 10th Dist. No. 10AP-1042, 2011-Ohio-4595 (despite the defendant's stipulation that he stole a credit card from the victim, a fact which elevated his conviction for receiving stolen property from a first degree misdemeanor to a fifth degree felony, the court of appeals found that the defendant must be convicted of the least degree of the offense because the verdict form did not include either the degree of the offense or finding that the stolen property was a credit card). Furthermore, it has been this author's position that before a trial court accepts a defendant's stipulation to an element of an offense it should engage in a Crim.R. 11 colloquy to determine whether the defendant knowingly, intelligently, and voluntarily entered the stipulation. *State v. McCullough*, 3d Dist. No. 12-07-09, 2008-Ohio-3055, ¶ 44-58 (Rogers, J., concurring in part and dissenting in part).
[3] We further note that unlike the verdict forms in *Pelfrey* and *Eafford*, the verdict form in this matter did not refer to the indictment.

Dist. No. 7-09-03, 2009-Ohio-6523, to suggest that R.C. 2945.75(A)(2) can be satisfied if the verdict form includes the statutory section under which the defendant was charged. Under this interpretation, the State maintains that the verdict form complies with R.C. 2945.75(A)(2) because its caption contains the statutory section under which Gregory was charged, R.C. 2919.25(A), (D)(4). We disagree.

{¶23} In both *Sessler* and *Schwable*, this court determined that the verdict forms at issue did not comply with R.C. 2945.75(A)(2). In doing so, this court observed that the verdict forms did not include either the degree of the offense, a finding concerning the aggravating element, or the statutory section of the charged offense. *Sessler* at ¶ 13; *Schwable* at ¶ 16.

{¶24} Contrary to the State's interpretation, we find that our holdings in *Sessler* and *Schwable* do not stand for the proposition that R.C. 2945.75(A)(2) can be satisfied if the verdict form includes the statutory section under which the defendant was charged. Those holdings were premised on the Supreme Court's decision in *Pelfrey*, which held that R.C. 2945.75(A)(2) can only be satisfied where the verdict form includes either the degree of the offense or a finding concerning the aggravating element. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at ¶ 14. Nowhere in *Pelfrey*, did the court hold that the requirement of R.C. 2945.75(A)(2) could be satisfied by including the statutory section of the offense

charged. In fact, the court implicitly held otherwise. *Id.* ("The express requirement of [R.C. 2945.75(A)(2)] cannot be fulfilled by demonstrating additional circumstances[.]"). Consequently, *Sessler* and *Schwable* cannot be read to expand the means by which a verdict form can comply with R.C. 2945.75(A)(2). Therefore, we find that the inclusion of the statutory number under which Gregory was charged in the verdict form's caption does not satisfy the requirement of R.C. 2945.75(A)(2).[4]

{¶25} Having found the State's argument unavailing, and having found the verdict form insufficient to convict Gregory of a third degree felony, we must reverse Gregory's conviction of domestic violence as a third degree felony and remand the matter for the trial court to enter a judgment convicting Gregory of domestic violence as a first degree misdemeanor.

{¶26} Accordingly, we sustain Gregory's first assignment or error.

*Assignment of Error No. II*

{¶27} In his second assignment of error, Gregory contends that the trial court erred when it informed him that he was subject to three years of optional post-release control. Given our disposition of Gregory's first assignment of error, Gregory's second assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).

---

[4] Our decision today should not be read as overruling our decisions in *Sessler* and *Schwable*. Instead, our decision should be read as clarifying our decisions in *Sessler* and *Schwable*, so they are harmonized with *Pelfrey's* holding.

{¶28} Having found error prejudicial to Gregory herein, in the particulars assigned and argued in his first assignment of error, we reverse Gregory's conviction of domestic violence as a third degree felony and remand the matter for the trial court to enter a judgment convicting Gregory of domestic violence as a first degree misdemeanor, pursuant to R.C. 2919.25(A), (D)(2).

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, J., Concurs Separately.**

{¶28} I find that R.C. 2945.75(A)(2) is clear and unambiguous. The statute was objectively not followed. The clear and unambiguous statute provides for what happens when it is not followed. I therefore concur with the majority.

**SHAW, J., DISSENTS.**

{¶29} I respectfully dissent from the majority opinion. Plain error requires that "but for the error, the outcome of the trial would *clearly* have been otherwise." (Emphasis added). *State v. Biros*, 78 Ohio St.3d 426, 431 (1997). Pursuant to the directives of the Ohio Supreme Court's recent holding in *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, the circumstances of this case do not create a "manifest miscarriage of justice" as is required for us to reverse the trial court's holding under a plain error standard.

{¶30} In this case, Gregory was indicted for a violation of R.C. 2919.25(A), (D)(4), and the indictment's language reflected that he had to be found to have committed two or more offenses of domestic violence in the past. Revised Code 2919.25(A), (D)(4) is cited in the caption of the jury verdict form. At trial, the parties stipulated to two prior offenses of domestic violence, and judgment entries reflecting those convictions and that stipulation were provided to the jury.

{¶31} In addition, both oral and written closing instructions were presented to the jury informing the jury that *before it could find Gregory guilty of the offense charged, the jury had to find that Gregory committed two prior domestic violence offenses*. Throughout all of the proceedings, there is no indication that the jury was anything but completely informed that it was required to find prior convictions of domestic violence before finding Gregory guilty of the sole domestic violence charge in the indictment.

{¶32} In *Eafford*, the Ohio Supreme Court conducted the following analysis:

> **Count Two of the indictment alleged that Eafford possessed *cocaine*, expert testimony confirmed that the substance at issue tested positive for *cocaine*, and throughout the trial the parties and the court treated the phrase "possession of drugs" as synonymous with possession of cocaine. Further in its jury instructions—a copy of which the court submitted to jurors who had it in the deliberating room during deliberations—the trial court explained to the jury that it could not find Eafford guilty of possession of drugs as charged in Count Two *unless it found the drug involved to be cocaine* or a compound, mixture,**

**preparation, or substance *containing cocaine*. And, as we observed in *State v. Johnson*, 71 Ohio St.3d 332, 340, 643 N.E.2d 1098 (1994), "[j]uries are presumed to follow the court's instructions." Thus, when the jury found Eafford guilty *as charged in Count Two of the indictment*, its finding necessarily related to possession of cocaine.**

**Eafford therefore failed to demonstrate that the trial court committed plain error in these circumstances. The verdict form used the phrase "possession of drugs" but did not ask jurors to specify whether the drug involved in this case was or was not cocaine. The jurors found Eafford "guilty of Possession of Drugs in violation of §2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment." The finding in the verdict cannot be described as error, let alone an obvious defect in the trial proceedings, and it did not affect Eafford's substantial rights. He knew from the outset that the state intended to prove his guilt of possession of cocaine. And it did. The form of the jury verdict did not affect the outcome of the trial. The state intended to prove the accused guilty of possession of cocaine, it did so, and the jury in accordance with its findings rendered a verdict in conformity with the evidence presented by the state that Eafford possessed cocaine.**

(Emphasis *sic*). *Eafford*, at ¶ 17-18. Following this analysis, the Ohio Supreme Court came to this conclusion:

**Count Two of the indictment charged Eafford with possession of cocaine, the state provided testimony that he possessed cocaine, and the jury returned its verdict on the only verdict form the court submitted to it. That verdict form reflected a finding of guilty *as charged in Count Two of the indictment,* referring to possession of cocaine. Thus, Eafford has not shown that but for the use of this verdict form, the outcome of the trial would have been different. Had he made a timely objection, the court could have modified the verdict form, but Eafford still would have been found guilty of possession of cocaine, because the only evidence in the case demonstrated his possession of cocaine, as he did not offer any defense in this case. Accordingly, we reverse**

-16-

**the judgment of the court of appeals and reinstate the sentence imposed by the trial court.**

(Emphasis *sic*). *Eafford*, at ¶ 19.

{¶33} Clearly, *Eafford* directs us to look specifically at all of the circumstances of the trial and all of the information that was presented to the jury. The fact that the verdict form in the case before us did not contain the phrase "as charged in the indictment" does not diminish the significance of the remaining factors cited in *Eafford*, identically present in this case, beyond the mere use of that one phrase. In no event would the outcome of the case before us have been altered by any amount of speculation concerning this jury verdict form. There simply is no other rational construction of the verdict given the evidence and instructions in this case.

{¶34} Inexplicably, the majority chooses to disregard the "totality of the circumstances" analysis and the holding in *Eafford* on the basis that the Ohio Supreme Court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, was not expressly overruled in *Eafford*. In addition, based upon nothing more than an apparent personal preference for the *Pelfrey* decision, the majority then declares that it will not follow *Eafford* and will continue to apply only the *Pelfrey* analysis in these cases. I am aware of no legal basis for an intermediate court of appeals taking such a position with regard to the most recent decision of the Ohio

Case No. 6-12-02

Supreme Court on any issue and I will not join the majority panel members on this path.

{¶35} Consequently, in the case before us, employing the methods of *Eafford*, I would look first to the indictment, which reads as follows:

**COUNT 1**

**[T]he defendant, TRACE ELLIOT GREGGORY, * * *: on or about August 13, 2011, in Hardin County, Ohio, did knowingly cause or attempt to cause physical harm to a family or household member, and further, said Trace E. Gregory has pleaded guilty to or has been convicted of two or more offenses of Domestic Violence or two or more violations or offenses of the type described in Ohio Revised Code §2919.25(D)(3) involving a person who was a family or household member at the time of the violations or offenses; in violation of Ohio Revised Code §2919.25(A), (D)(4), Domestic Violence [F3], a felony of the third degree.**

(Doc. 2).

{¶36} Next, I would note that the parties entered into a stipulation prior to the trial regarding the prior domestic violence offenses. The stipulation reads as follows:

**The parties hereby stipulate that Trace E. Gregory has two prior convictions of Domestic Violence. The first conviction for Domestic Violence being an [F4], a felony of the fourth degree, in violation of Ohio Revised Code §2919.25, filed March 11, 1194 in Clark County Common Pleas Court Case No. 94-CR0116; and a second conviction of Domestic Violence, [F5] a felony of the fifth degree, in violation of Ohio Revised Code §2919.25 filed April 4, 2001, in Logan County Common Pleas Court Case No. CR00-10-0172. There is no need for testimony from the Clerk of Courts or other witness. Therefore, the parties stipulate that a file**

-18-

**stamped copy of this Entry may be used and/or admitted by the parties consistent with the rules of evidence and the rulings of this Court without the need for identification, authentication or other foundation testimony.**

(Doc. 24). At the trial, judgment entries reflecting the prior convictions were, in fact, introduced into evidence for the jury to consider in making its decision. No evidence rebutting the prior convictions was presented by the defense.

**{¶37}** After the State presented its case, the defense called no witnesses. The court then proceeded to turn the case over to the jury, giving the jury its closing instructions. As part of the closing instructions, the court stated:

> **I will now read the indictment to you. State of Ohio, Hardin County, Court of Common Pleas, in the August 25th, 26th, 2011 session, the jurors of the Grand Jury of the State of Ohio within and for the body of the county aforesaid on their oaths, in the name and by the authority of the State of Ohio, do find and present that count one, there's only one count, the Defendant, Trace Elliott Gregory, in Hardin County, Ohio, did knowingly cause or attempt to cause physical harm to a family or household member, and further, that said Trace E. Gregory has pleaded guilty to or has been convicted of two or more offenses of domestic violence involving a person who was a family or household member at the time of the violations. Domestic violence, in violation of Ohio Revised Code Section 2919.25(A), (D)(4). Now what does that all mean?**
>
> **\* \* \***
>
> ***Before you can find the Defendant guilty, you must find* beyond a reasonable doubt that on or about August 13th, 2011, and in Hardin County, Ohio, the Defendant knowingly caused or attempted to cause physical harm to a family or household member, *and further you must find Defendant has pleaded guilty to or has been convicted of two or more offenses of domestic***

-19-

> *violence involving a person who was a family or household*
> *member at the time of the violations or offenses.*

(Emphasis added).  (Tr. at 155-56).

{¶38} The court's oral closing instructions were accompanied by written closing instructions reflecting the same information.  The written instructions read:

> **The Defendant is charged in count one of the indictment with**
> **domestic violence.**  *Before you can find the Defendant guilty, you*
> *must find* **beyond a reasonable doubt that on or about August**
> **13th, 2011, and in Hardin County, Ohio, the Defendant**
> **knowingly caused or attempted to cause physical harm to a**
> **family or household member,** *and further you must find*
> *Defendant has pleaded guilty to or has been convicted of two or*
> *more offenses of domestic violence involving a person who was a*
> *family or household member at the time of the violations or*
> *offenses.*

(Emphasis added.)

{¶39} Based on these oral and written instructions, the jury was duly notified that before it found Gregory guilty, it had to find that he had been convicted twice previously of domestic violence.

{¶40} The jury verdict form is captioned:  "Offense:  Domestic Violence in violation of Ohio Revised Code Section 2919.25(A), (D)(4)."  (Doc. 25).  The statute referenced in the verdict form points to domestic violence as a felony of the third degree (as Gregory was charged), requiring two previous convictions.  The text in the body of the verdict form reads, "We, the Jury in this case find the

Defendant, Trace Eliot Gregory, Guilty[5] of the offense of Domestic Violence. (Doc. 25).

{¶41} As pointed out by the majority, the verdict form does not include the language "as charged in the indictment." Nevertheless, based upon all of this information, I fail to see how we could find that plain error existed. There is no indication that had the verdict form read any differently that the outcome would not have been the same at Gregory's trial. In fact, Gregory presented no evidence to rebut the prior convictions, which were stipulated to by the defense. Thus the only evidence at all in the record reflects that Gregory did have two prior convictions. This is identical to *Eafford* where the only evidence presented was that the substance was, in fact, cocaine. In *Eafford* the Ohio Supreme Court directs us to find that plain error does not exist in such circumstances. Accordingly, pursuant to *Eafford*, and the facts and circumstances of this case, I would affirm the jury verdict and judgment of conviction entered in the trial court.

/jlr

---

[5] The word guilty is hand-written.