[Cite as *State v. Jones*, 2013-Ohio-5889.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA960 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| KATHY JONES, | : | |
| | : | **RELEASED: 12/20/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.

_____

Harsha, J.

{¶1}   Kathy Jones appeals her third-degree felony conviction for illegal conveyance of weapons or other prohibited items onto the grounds of a detention facility or institution, in violation of R.C. 2921.36(A)(2). Jones argues that the trial court erred by entering a judgment of conviction against her for a third-degree felony because the jury's verdict form did not state the degree of the offense or the aggravating element, as required by R.C. 2945.75(A)(2). Therefore, she contends that she could only be convicted of the least degree of the offense charged, a second-degree misdemeanor.

{¶2}   However, R.C. 2945.74(A)(2) only applies when the presence of one or more additional elements makes an offense one of more serious degree. Here, the jury found Jones guilty of illegal conveyance in violation of R.C. 2921.36(A)(2). Under R.C. 2921.36(G)(2), a violation of subsection (A)(2) can only result in a third-degree felony

conviction. Because there are no aggravating elements necessary to enhance the penalty, R.C. 2945.74(A)(2) does not apply and the jury's verdict form was sufficient to convict Jones of a third-degree felony.

## I. FACTS

{¶3} Jones was charged with one count of illegal conveyance of weapons or other prohibited items onto the grounds of a detention facility or institution, in violation of R.C. 2921.36(A)(2), a third-degree felony. The state alleged that Jones placed six Suboxone tablets into the waistband of men's underwear, and tried to have the underwear delivered to her son in the Adams County Jail.

{¶4} Jones pleaded not guilty and the matter proceeded to trial. The jury returned a guilty verdict and the trial court sentenced her to a two year prison term. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶5} Jones raises one assignment of error for our review:

1. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ENTERED A JUDGMENT OF CONVICTION AGAINST MS. JONES FOR THIRD-DEGREE FELONY ILLEGAL CONVEYANCE OF WEAPONS, DRUGS OR OTHER PROHIBITED ITEMS ONTO THE GROUNDS OF A DETENTION FACILITY OR INSTITUTION, IN VIOLATION OF R.C. 2945.75(A)(2), AND IN VIOLATION OF MS. JONES' RIGHTS TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION."

## III. LAW AND ANALYSIS

{¶6} Initially, Jones indicates that she did not object to the verdict forms at trial and our review confirms that fact. Nevertheless, "the Supreme Court of Ohio has recognized error, even in the absence of an objection at trial, when a verdict form fails

to comply with R.C. 2945.75(A)(2)." *Portsmouth v. Wrage*, 4th Dist. Scioto No. 08CA3237, 2009-Ohio-3390, ¶ 42, citing *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶7}    R.C. 2945.75(A)(2) provides: "When the presence of one or more additional elements makes an offense one of more serious degree: * * * A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."  And "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Pelfrey* at syllabus.

{¶8}    "However, R.C. 2945.75(A)(2) and *Pelfrey* apply only to criminal offenses with multiple degrees of seriousness.  For example, in *Pelfrey*, the defendant was found guilty of tampering with records in violation of R.C. 2913.42.  Depending on the seriousness of the conduct, tampering with records under R.C. 2913.42 may be a misdemeanor of the first degree, a felony of the fifth degree, a felony of the fourth degree, or a felony of the third degree. * * * The verdict form in *Pelfrey* did not list the aggravating element (tampering with government records) or the degree of the offense (a third degree felony pursuant to R.C. 2913.42(B)(4)). * * * As a result, the defendant could 'be convicted only of a misdemeanor offense, which is the least degree under R.C. 2913.42(B) of the offense of tampering with records.'" *State v. Norman*, 4th Dist. Ross Nos. 08CA3059, 08CA3066, 2009-Ohio-5458, ¶ 61, quoting *Pelfrey* at ¶ 13.

{¶9}   Here, Jones was convicted of illegal conveyance of weapons or prohibited items onto the grounds of a detention facility or institution, in violation of R.C. 2921.36(A)(2).  Jones argues that because R.C. 2921.36 "includes aggravating elements that must be found before penalty enhancement" and "contains separate sub-parts with distinct offense levels," the statute is subject to the R.C. 2945.75(A)(2) and *Pelfrey*.  We agree the statute contains several distinct levels of offenses but we do not agree *Pelfrey* requires the verdict form to identify an enhancing element or the degree of defense.

{¶10}  R.C. 2921.36 states:

(A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution, office building, or other place that is under the control of the department of mental health and addiction services, the department of developmental disabilities, the department of youth services, or the department of rehabilitation and correction any of the following items:

(1) Any deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, or any part of or ammunition for use in such a deadly weapon or dangerous ordnance;

(2) Any drug of abuse, as defined in section 3719.011 of the Revised Code;

(3) Any intoxicating liquor, as defined in section 4301.01 of the Revised Code.

* * *

(C) No person shall knowingly deliver, or attempt to deliver, to any person who is confined in a detention facility, to a child confined in a youth services facility, to a prisoner who is temporarily released from confinement for a work assignment, or to any patient in an institution under the control of the department of mental health and addiction services or the department of developmental disabilities any item listed in division (A)(1), (2), or (3) of this section.

(D) No person shall knowingly deliver, or attempt to deliver, cash to any person who is confined in a detention facility, to a child confined in a youth services facility, or to a prisoner who is temporarily released from confinement for a work assignment.

(E) No person shall knowingly deliver, or attempt to deliver, to any person who is confined in a detention facility, to a child confined in a youth services facility, or to a prisoner who is temporarily released from confinement for a work assignment a cellular telephone, two-way radio, or other electronic communications device.

* * *

(G)

(1) Whoever violates division (A)(1) of this section or commits a violation of division (C) of this section involving an item listed in division (A)(1) of this section is guilty of illegal conveyance of weapons onto the grounds of a specified governmental facility, a felony of the third degree. If the offender is an officer or employee of the department of rehabilitation and correction, the court shall impose a mandatory prison term.

(2) Whoever violates division (A)(2) of this section or commits a violation of division (C) of this section involving any drug of abuse is guilty of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a felony of the third degree. If the offender is an officer or employee of the department of rehabilitation and correction or of the department of youth services, the court shall impose a mandatory prison term.

(3) Whoever violates division (A)(3) of this section or commits a violation of division (C) of this section involving any intoxicating liquor is guilty of illegal conveyance of intoxicating liquor onto the grounds of a specified governmental facility, a misdemeanor of the second degree.

(4) Whoever violates division (D) of this section is guilty of illegal conveyance of cash onto the grounds of a detention facility, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (D) of this section, illegal conveyance of cash onto the grounds of a detention facility is a felony of the fifth degree.

(5) Whoever violates division (E) of this section is guilty of illegal conveyance of a communications device onto the grounds of a specified governmental facility, a misdemeanor of the first degree, or if the offender

previously has been convicted of or pleaded guilty to a violation of division (E) of this section, a felony of the fifth degree.

**{¶11}** "The illegal conveyance statute found in R.C. 2921.36 is a statute in which each division stands alone." *State v. Reynolds*, 5th Dist. Richland No. 09-CA-13, 2009-Ohio-3998, ¶ 22. "Merely because there are different levels of offenses contained within one statute does not mean that the statute is subject to the language of R.C. 2945.75." *Id.* at ¶ 40, citing *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. The offense and penalty in our situation is controlled solely by R.C. 2921.36(A)(2) & (G)(2) respectively.

**{¶12}** Here, the jury's verdict form stated:

WE THE JURY, FIND THE DEFENDANT: KATHY JONES Guilty OF:
ILLEGAL CONVEYANCE OF WEAPONS OR PROHIBITED ITEMS
ONTO THE GROUNDS OF A DETENTION FACILITY OR INSTITUTION
IN VIOLATION OF R.C. SECTION 2921.36(A)(2).

Under R.C. 2921.36(G)(2), illegally conveying a drug of abuse onto the grounds of a detention facility or institution in violation of R.C. 2921.36(A)(2), is a felony of the third degree. It is not necessary to find an additional element present to elevate the crime to a third-degree felony. *Reynolds* at ¶ 45. If the state had failed to prove any of the elements in R.C. 2921.36(A)(2), Jones would have been acquitted, not convicted of a lesser degree of illegal conveyance. *See State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 35. Accordingly, R.C. 2945.75(A)(2) and *Pelfrey* are inapplicable to the facts of this case, and the jury's verdict form did not need to specify the degree of the offense or the aggravating elements. *See Reynolds* at ¶ 21.

**{¶13}** Jones further contends that the Supreme Court of Ohio's decision in *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318 (*Sessler III*), requires

that we vacate her third-degree felony, and remand her case for resentencing for the least serious degree of illegal conveyance under 2921.36, a second-degree misdemeanor.

**{¶14}** Following *Pelfrey*, the Supreme Court certified a conflict between *State v. Kepiro*, 10th Dist. No. 06AP-1302, 2007-Ohio-4593 (*Kepiro I*) (*Pelfry* applies to the GSI statute) and *State v. Sessler*, 3rd Dist. Crawford No. 3-06-23, 2007-Ohio-4931 (*Sessler I*) (*Pelfrey* applies to the intimidation statute) to address whether "the holding in *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, [is] applicable to charging statutes that contain separate sub-parts with distinct offense levels[.]" *State v. Sessler*, 116 Ohio St.3d 1505, 2008-Ohio-381 (*Sessler II*). The Court answered the question affirmatively and simply affirmed the court's decision in *Sessler I* "on the authority of *State v. Pelfrey* (citation omitted)." *Sessler III* at ¶ 1. However, the Court later declined to accept Kepiro's appeal for review. *State v. Kepiro*, 119 Ohio St.3d 1408, 2008-Ohio-3880, 891 N.E.2d 769 (*Kepiro II*).

**{¶15}** However, *Sessler I* is distinguishable from the facts of this case. The statute at issue in *Sessler I* "increased the punishment when the basic offense crime was committed in a more serious manner through the presence of additional elements or aggravating factors." *State v. Kepiro*, 10th Dist. No. 09AP-19, 2009-Ohio-4654, ¶ 18 (*Kepiro III*). The defendant in *Sessler* was convicted of intimidation in violation of R.C. 2921.04(B). *Sessler I* at ¶ 4. The intimidation statute states:

> A) No person shall knowingly attempt to intimidate or hinder the victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding, and no person shall knowingly attempt to intimidate a witness to a criminal or delinquent act by reason of the person being a witness to that act.

(B) No person, knowingly and by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, or hinder any of the following persons:

(1) The victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding;

(2) A witness to a criminal or delinquent act by reason of the person being a witness to that act;

(3) An attorney by reason of the attorney's involvement in any criminal or delinquent child action or proceeding.

* * *

(D) Whoever violates this section is guilty of intimidation of an attorney, victim, or witness in a criminal case. A violation of division (A) of this section is a misdemeanor of the first degree. A violation of division (B) of this section is a felony of the third degree.

**{¶16}** The court found Sessler guilty of the felony offense, even though the verdict form did not state the degree of the offense, the statutory section upon which the jury found him guilty, or refer to the use of force or threat of harm. *Sessler I* at ¶ 13. Under *Pelfrey*, the court found that Sessler could only be found guilty of the least offense, a first-degree misdemeanor under R.C. 2921.04(A), because the form did "not permit a determination as to which degree of offense Sessler [was] guilty of committing." *Id.* See also*, State v. Gregory*, 3rd Dist. Hardin No. 6-12-02, 2013-Ohio-853, ¶ 24 (finding that a verdict form's reference in the caption to the statutory section of the charged offense does not satisfy R.C. 29445.75(A)(2)).

**{¶17}** Here, the jury found Jones guilty of illegal conveyance in violation of R.C. 2921.36(A)(2). Under R.C. 2921.36(G)(2), a violation of subsection (A)(2) can only result in a third-degree felony conviction. There are no aggravating elements necessary to enhance the penalty. As the court in *Kepiro I* and *III* indicated, the statutes in

*Sessler* are distinctly different than the statutes at issue in *Kepiro* and here. The illegal conveyance statute creates several separate types of prohibited conduct with each type constituting a separate offense bearing a separate penalty. There are no additional elements or attendant circumstances that change or enhance the penalties for each individual offense. See *Kepiro III* at ¶s 15-17. The statute in *Sessler* contains an additional document that alters the penalty of the basis offense. Id at ¶ 19. That is not the case here.

{¶18} Nor are we confronted with a situation and statute like those in *State v. McDonald*, ---- Ohio St.3d ----, 2013-Ohio-5042. The statute prohibiting the failure to comply with an order or signal of a police officer, R.C. 2921.331, contains two separate violations in separate subsections of the statute, one a misdemeanor and one a felony. The jury's verdict form was sufficient only to charge the misdemeanor version even though it contained some enhancing language from the felony version. Because the verdict form did not contain all the elements necessary for the felony version, R.C. 2945.75(A)(2) required a conviction for the least degree of the offense, i.e. a misdemeanor. No similar problem exists here.

## IV. CONCLUSION

{¶19} Therefore, *Sessler* and *Pelfrey* are inapplicable and the jury's verdict form was sufficient to convict Jones of a third-degree felony. Accordingly, we overrule her sole assignment of error and affirm her conviction.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**