JOURNAL ENTRY AND OPINION
{¶ 1} The grand jury returned a single count indictment charging defendant Oliver Bell with robbery under R.C. 2911.02(A)(2). Bell waived his right to a jury. At the close of evidence, the court found Bell not guilty of robbery as charged in the indictment, but guilty of robbery under R.C. 2911.02(A)(3) as a lesser included offense. Bell appeals, complaining about the sufficiency and weight of evidence, as well as the court's decision to find him guilty of a lesser included offense.
 I {¶ 2} Bell first complains that the court lacked sufficient evidence to find him guilty of robbery under R.C. 2911.02(A)(2) because there was no evidence to show that he used force.
 {¶ 3} In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259-260, paragraph two of the syllabus. We will not disturb a verdict on appeal on sufficiency grounds unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." State v. Dennis (1997), 79 Ohio St.3d 421, 430,1997-Ohio-372.
 {¶ 4} The state's evidence showed that a clerk working the cash register at a drug store had been completing a transaction when Bell jumped over the counter and put his hand into the open drawer of the cash register. The clerk immediately slammed the door on Bell's hand. Bell pulled his hand away and then grabbed the clerk's right hand. Seeing Bell grab the clerk by the arm, a customer intervened. He put Bell in a choke hold. Bell aggressively tried to escape this hold, struggling for more than 10 minutes, at times so violently that the customer suffered a torn rotator cuff in the process. Nevertheless, the customer subdued Bell. He and the clerk held him down until the police arrived. By this time, Bell was pleading with them to release him, claiming he had a drug problem.
 {¶ 5} To prove the offense of robbery under R.C. 2911.02(A)(3), the state needed to show that Bell, in attempting to commit a theft offense, used or threatened the immediate use of force against another. Viewing the evidence in a light most favorable to the state, we find that a rational trier of fact could have found all these elements were established beyond a reasonable doubt. Clearly, Bell had been attempting to commit a theft offense. The state proved the harm element of R.C. 2911.02(A)(3) with evidence showing that Bell grabbed the clerk after being caught with his hand in the register and then struggled with the customer as he tried to flee.
 {¶ 6} We reject Bell's argument that his struggle (and harm caused during that struggle) was motivated not by his theft offense, but as a means of escaping once his theft had been foiled. R.C. 2911.02 (A)(3) encompasses not only the harm caused during the theft offense, but harm caused while "fleeing immediately after the attempt or offense * * *." The evidence convincingly showed that the customer sustained injury while subduing Bell as he attempted to escape. Hence, all the elements of the offense were proven.
 {¶ 7} We also reject Bell's claim that the judgment of conviction is against the manifest weight of the evidence. Having reviewed the entire record, made all reasonable inferences, and considered the credibility of witnesses, we do not find that the court lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Martin (1983),20 Ohio App.3d 172, 175. As we detailed above, the evidence very clearly showed that Bell used force in attempting to flee immediately after committing or attempting to commit the theft. He offered no facts which would cause us to question the court's judgment.
 II {¶ 8} Bell next argues that the court erred by entering a judgment of conviction for theft under R.C. 2911.02(A)(3) because that section is not a lesser included offense under R.C. 2911.02(A)(2). We summarily overrule this assignment of error on authority of State v. Watson,154 Ohio App.3d 150, 2003-Ohio-4664.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, JUDGE*
PATRICIA ANN BLACKMON, J., CONCURS
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.