[Cite as *State v. Nethers*, 2011-Ohio-1317.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| LOREN NETHERS | : | Case No. 10-CA-94 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. 06CR602


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 18, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

DANIEL H. HUSTON                    LOREN NETHERS, PRO SE
20 South Second Street              Inmate No. 555-147
4th Floor                           North Central Correctional Institution
Newrak, OH  43055                   P.O. Box 1812
                                    Marion, OH  43301

*Farmer, P.J.*

{¶1}  On October 27, 2006, the Licking County Grand Jury indicted appellant, Loren Nethers, on three counts of sexual battery in violation of R.C. 2907.03, three counts of rape in violation of R.C. 2907.02, and eight counts of gross sexual imposition in violation of R.C. 2907.05.

{¶2}  A jury trial was held on May 1, 2007.  At the close of the state's case, the prosecutor moved to dismiss the three rape counts and one of the sexual battery counts.  At the close of appellant's case, appellant made a Crim.R. 29 motion for acquittal on the remaining counts.  The trial court granted the motion as to one of the sexual battery counts.

{¶3}  The jury found appellant guilty of the remaining counts.  By judgment entry filed June 5, 2007, the trial court sentenced appellant to an aggregate term of twelve years in prison.  Appellant's conviction and sentence were upheld on appeal.  See, *State v. Nethers,* Licking App. No. 07 CA 78, 2008-Ohio-2679.

{¶4}  On May 5, 2010, appellant filed a motion to vacate sentence/re-sentence appropriately/motion for new trial.  Appellant argued his sentence was void because the verdict form did not contain the degree of the offense nor indicate that an aggravated element was found pursuant to R.C. 2945.75, and his counsel was ineffective for failing to rectify the void sentence.  By judgment entry filed July 22, 2010, the trial court denied the motion.

{¶5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}    "THE TRIAL COURT ERRED BY NOT CORRECTING DEFENDANT-APPELLANT'S VOID SENTENCE, VIOLATING HIS DUE PROCESS RIGHT."

II

{¶7}    "BECAUSE THE SENTENCE LACKS STATUTORY AUTHORITY AND IS INVALID THE TRIAL COURT HAS DENY (SIC) APPELLANT'S RIGHT TO APPEAL, BY REFUSING TO CORRECT A 'VOID SENTENCE', DIVESTING THE APPELLATE COURT OF SUBJECT MATTER JURISDICTION."

III

{¶8}    "THE TRIAL COURT ERRED IN SENTENCING APPELLANT WITHOUT THE GUILTY VERDICT HAVING STATED EITHER THE DEGREE OF THE OFFENSE OF WHICH THE APPELLANT IS FOUND GUILTY, OR THAT SUCH ADDITIONAL ELEMENT OR ELEMENTS ARE PRESENT, VIOLATING THE APPELLANT SIXTH AMENDMENT RIGHT TO A JURY TRIAL."

IV

{¶9}    "A JUDGMENT OF CONVICTION MUST INCLUDE THE SENTENCE AND THE MEANS OF CONVICTION, WHETHER BY PLEA, VERDICT, OR FINDING BY THE COURT, TO BE A FINAL APPEALABLE ORDER."

I

{¶10}   Appellant claims the trial court erred in denying his motion to vacate sentence/re-sentence appropriately/motion for new trial.

{¶11}   Appellant argues the verdict form failed to conform to the mandates of R.C. 2945.75 and *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256.

{¶12} In appellant's direct appeal, he assigned as error, "[a]ppellant was sentenced in contravention of law." *State v. Nethers,* Licking App. No. 07 CA 78, 2008-Ohio-2679, ¶37. This court specifically addressed this issue and the *Pelfrey* case as follows:

{¶13} "R.C. §2945.75(A)(2) requires that a guilty verdict state either the degree of the offense of which an offender is found guilty, or that the additional elements that make an offense one of a more serious degree are present. If neither is included, R.C. §2945.75(A)(2) directs that 'a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.'

{¶14} "In *Pelfrey,* the Supreme Court of Ohio interpreted R.C. §2945.75(A)(2) and held that 'a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.' Id. at syllabus.

{¶15} "Appellant raises this challenge in connection with his third-degree felony convictions for Gross Sexual Imposition, in violation of R.C. §2907.05(A)(4).

{¶16} "***

{¶17} "The verdict form does not contain the degree of the offense or any statement of an aggravating element. Thus, Appellant contends that he can be convicted only of the least degree of the offense. We disagree.

{¶18} "The Tenth District Court of Appeals recently considered and rejected this very argument in terms of GSI convictions. See *State v. Kepiro,* Franklin App. No. 06AP-1302, 2007-Ohio-4593, at ¶29-34. In *Kepiro,* the Tenth District held that there are

no additional elements or circumstances over and above the elements of the offense set forth in R.C. §2907.05(A) that enhance the penalty for a GSI conviction. With nothing more than the guilty verdict, an appellant is convicted of a third-degree felony. Thus, the reasoning in *Pelfrey* was not applicable, and the verdict form did not need to contain the degree of the offense or a statement that an aggravating element had been found by the jury. (See also, *State v. Crosky*, Tenth Dist. App. No. 06AP-655, 2008-Ohio-145).

{¶19} "Upon review of the instant case, we find that the Gross Sexual Imposition statute under which Appellant was charged contains all the necessary elements of the offense. A violation of R.C. §2907.05(A)(4) is a felony of the third degree. There are no additional elements or circumstances over and above the elements of the offense set forth [in] R.C. §2907.05(A)(4) that enhance the penalty for the conviction. Thus, the verdict form did not need to contain the degree of the offense or a statement that an aggravating element has been found by the jury." *Nethers,* at ¶50-57.

{¶20} There was no appeal taken from our decision. In *Grava v. Parkman Township*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

{¶21} Under the doctrine of res judicata, this assignment of error fails as a matter of law.

{¶22} Assignment of Error I is denied.

## II, III, IV

{¶23} In these assignments, appellant challenges this court's jurisdiction to have reviewed his assignments of error in his direct appeal as his sentence was void, and the judgment of conviction.

{¶24} Appellant argues this court had no jurisdiction to hear his direct appeal because his sentence was void. As we found in his direct appeal, appellant's sentence was not void.

{¶25} Appellant also argues he had the "right to have the jury find the existence of 'any particular fact' that the law makes essential to his punishment," and cites *Blakely v. Washington* (2004), 542 U.S. 296, in support. See, Appellant's Brief at 10. As held by the Supreme Court of Ohio in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."

{¶26} Lastly appellant argues the judgment of conviction "does not contain the manner of conviction" (Appellant's Brief at 12), and cites *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, in support:

{¶27} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)"

{¶28} We have examined appellant's sentencing entry filed June 5, 2007 and find it meets the requirements of Crim.R 32(C) and *Baker.* Further, the trial court properly informed appellant of postrelease control. T. at 9; *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197.

{¶29} Assignments of Error II, III, and IV are denied.

{¶30} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ Julie A. Edwards_____

JUDGES

SGF/sg 314

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
LOREN NETHERS                          :
                                       :
    Defendant-Appellant            :               CASE NO. 10-CA-94

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

    s/ Sheila G. Farmer_____

    s/ John W. Wise_____

    s/ Julie A. Edwards_____

JUDGES