[Cite as *State v. Duncan*, 2014-Ohio-2720.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  8-12-15

    v.

KEVIN DUNCAN,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. 12-03-0066

Judgment Reversed and Cause Remanded

Date of Decision:  June 23, 2014

APPEARANCES:

    *Kenneth J. Rexford*  for Appellant

    *William T. Goslee*  for Appellee

Case No. 8-12-15

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Kevin Duncan ("Duncan") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of one count of robbery and sentencing him to a five year prison term. Duncan challenges the sufficiency of the verdict forms. For the reasons set forth below, the judgment is reversed.

{¶2} On March 27, 2012, the Logan County Grand Jury indicted Duncan on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree and one count of trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. Doc. 2. A jury trial was held on October 2 and 3, 2012. Doc. 48. The jury heard evidence that Duncan took money and a digital recorder from the victim and struck the victim, knocking her to the ground. Tr. 99-101. The jury returned a verdict of guilty on the robbery charge and a verdict of not guilty on the trafficking in drugs charge. Doc. 43 and 44. The verdict form on count one stated as follows:

> **We, the jury, duly impaneled and sworn and affirmed, do hereby find the Defendant Guilty of robbery in count One of the indictment.**

Doc. 43. A sentencing hearing was held on October 8, 2012, and the trial court then sentenced Duncan to a prison term of five years.[1] Doc. 50. Duncan filed his notice of appeal from this judgment on November 2, 2012. Doc. 56.

{¶3} On June 10, 2013, this court affirmed in part and reversed in part the judgment of the trial court. *State v. Duncan*, 3d Dist. Logan No. 8-12-15, 2013-Ohio-2384. On June 17, 2013, Duncan filed a motion with this court to reopen the appeal pursuant to Appellate Rule 26(B). This court granted that motion on September 4, 2013, and vacated the prior judgment. Duncan filed his new brief and raises the following assignment of error.

> **The trial court erred by entering a judgment of conviction as to Count I Robbery as a felony of the second degree, and sentencing accordingly, as the verdict form was sufficient only for the lesser offense of robbery as a felony of the third degree.**

{¶4} The sole assignment of error questions the sufficiency of the verdict form. R.C. 2945.75 sets forth the requirements of a verdict form.

> **(A) When the presence of one or more additional elements makes an offense one of more serious degree:**
>
> **\* \* \***
>
> **(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.**

---

[1] The judgment entry was filed on October 22, 2012.

R.C. 2945.75. The Ohio Supreme Court has addressed what this statute means in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. In *Pelfrey*, the defendant had been charged with tampering with records in violation of R.C. 2913.42, which required an enhanced charge of third degree felony when the tampering involves government records. *Id.* at ¶3 (citing R.C. 2913.42(B)(4)). The verdict form did not mention the degree of the offense or that the records involved were government records. *Id.* at ¶4. On appeal, Pelfrey challenged his conviction for a felony under R.C. 2945.75 claiming that he could only be convicted of a misdemeanor due to errors in the verdict form. *Id.* Although the issue had not been raised at the trial court, the appellate court held that the issue was not waived. *Id.* at ¶5. The appellate court then determined that pursuant to R.C. 2945.75, the conviction was only for the least degree of the offense and reversed the judgment of the trial court. *Id.* The appellate court then certified the case to the Supreme Court asking the following question.

> **Whether the trial court is required as a matter of law to include in the jury verdict form either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial.**

*Id.* at ¶1. The Supreme Court answered this question with a yes. *Id.*

{¶5} In addressing this issue, the Supreme Court determined that the statute was unambiguous and definite. *Id*. at ¶11.

> **The statutory requirement certainly imposes no unreasonable burden on lawyers or trial judges. R.C. 2945.75(A) plainly requires that in order to find a defendant guilty of "an offense * * * of more serious degree," the guilty verdict must either state "the degree of the offense of which the offender is found guilty" or state that "additional element or elements are present." R.C. 2945.75(A)(2) also provides, in the very next sentence, what must occur if this requirement is not met: "Otherwise a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." When the General Assembly has written a clear and complete statute, this court will not use additional tools to produce an alternative meaning.**

*Id*. at ¶12. The Supreme Court held that "a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id*. at ¶14. Regardless of the fact that the verdict form incorporated the indictment, that the evidence was clear, that the jury was properly instructed, and that Pelfrey had failed to raise an objection, the Supreme Court determined that an error was made and that the defendant could only be convicted of the least degree of the offense. *Id*. at ¶14-15.

{¶6} Following the lead of the Ohio Supreme Court, this court addressed a question as to whether *Pelfrey* applied when discussing separate sub-parts with distinct offense levels in *State v. Sessler*, 3d Dist. Crawford No. 3-06-23, 2007-Ohio-4931. In *Sessler*, the defendant was charged with two counts of intimidation

in violation of R.C. 2921.04(B), felonies of the third degree. The jury found Sessler guilty of intimidation in a "manner and form as he [stood] charged in the indictment." *Id*. at ¶13. The verdict form did not specify the degree of the offense or set forth any aggravating elements. *Id.* Applying the holding in *Pelfrey*, this court held that the verdict forms were insufficient to support the conviction for a third degree felony and only supported a first degree misdemeanor, the lowest form of the offense. *Id.* The fact that the verdict forms referenced the indictment was insufficient to satisfy the requirements of R.C. 2945.75(A)(2). *Id.* The State appealed this decision to the Ohio Supreme Court. The Supreme Court affirmed this court's decision in *State v. Sessler,* 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

{¶7} In 2009, this court again addressed the specificity required in verdict forms in the case of *State v. Schwable*, 3d Dist. Henry No. 7-09-03, 2009-Ohio-6523. Schwable was indicted on two counts of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a felony of the third degree. *Id.* at ¶1. The verdict forms both stated that Schwable had failed to comply with an order or signal of a police officer and one stated in addition that the operation of the vehicle caused a substantial risk of serious physical harm to persons or property. *Id.* at ¶9. Neither verdict form stated the degree of the offense or the section number of the statute that was applicable. *Id.*

This court held that since the division under which Schwable was charged contained the additional element of willfully fleeing or eluding a police officer and the verdict form neither stated the degree of offense or addressed the aggravating elements, Schwable could only be convicted of the least degree of the offense. *Id.* at ¶20-21.

{¶8} The Supreme Court seemed to be altering this firm statutorily required stance in its holding in *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891. In *Eafford*, the defendant was charged with possession of cocaine. *Id*. at ¶1. On appeal, the appellate court held that since the verdict did not state the degree of the offense or specify that Eafford had possessed cocaine, he could only be convicted of the least degree of the offense as set forth in *Pelfrey*. *Id*. The State appealed the ruling. The Supreme Court determined that since the indictment charged the defendant with possession of cocaine, the evidence proved that fact, the trial court instructed the jury that they must determine that Eafford possessed cocaine to find him guilty and that the verdict form referenced the indictment, he could be found guilty of possession of cocaine even though the verdict form did not specify the drug possessed was cocaine. *Id*. at ¶2-6. The Supreme Court reached the following conclusion.

> **Count Two of the indictment charged Eafford with possession of cocaine, the state provided testimony that he possessed cocaine, and the jury returned its verdict on the only verdict form the court submitted to it. That verdict form reflected a finding of**

> **guilty *as charged in Count Two of the indictment,* referring to possession of cocaine. Thus Eafford has not shown that but for the use of this verdict form, the outcome of the trial would have been different. Had he made a timely objection, the court could have modified the verdict form, but Eafford still would have been found guilty of possession of cocaine, because the only evidence in the case demonstrated his possession of cocaine, as he did not offer any defense in this case.**

*Id*. at ¶19. However, the Supreme Court did not address how R.C. 2945.75(A)(2) was followed therein or how its holding in *Pelfrey* would affect its verdict, as was pointed out by Justices Lanzinger and Pfeifer in the dissent. *Id*. at ¶21-24.

{¶9} This court has addressed how the holding in *Eafford* has affected that in *Pelfrey* in *State v. Gregory*, 3d Dist. Hardin No. 6-12-02, 2013-Ohio-853. In *Gregory*, the defendant was charged with domestic violence in violation of R.C. 2919.25(A), (D)(4), a felony of the third degree. Gregory was convicted of the offense and appealed. *Id*. at ¶4-5. Gregory claimed in his assignment of error that the verdict form was insufficient under R.C. 2945.75(A)(2) to support his conviction for a third degree felony. *Id*. at ¶6. When addressing the apparent inconsistencies between the holdings in *Pelfrey*, and *Eafford*, this court stated as follows.

> **Though the majority in *Eafford* does not mention *Pelfrey*, it appears that its decision conflicts with the holding in *Pelfrey*. In both cases, the defendants did not object to the verdict forms before the trial court. In *Pelfrey*, the court, conscious of the defendant's failure to object to the verdict forms before the trial court, stated that the requirement of R.C. 2945.75(A)(2) "cannot be fulfilled by demonstrating additional circumstances, such as**

**that the verdict incorporates the language of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." \* \* \* Conversely, in *Eafford*, the court determined that the additional circumstances enumerated in *Pelfrey* can save a conviction from being reduced to the lowest degree of the offense charged even when the verdict form does not include either the degree of the offense or a finding concerning the aggravating element. \* \* \***

**Although the court's decisions in *Pelfrey* and *Eafford* apparently contradict each other, the *Eafford* Court did not expressly overrule *Pelfrey*. Indeed, *Eafford* contains no reference to its effect on *Pelfrey*. In light of *Eafford's* silence and our strict interpretation of R.C. 2945.75(A)(2) as required by R.C. 2901.04(A) and *Pelfrey*, we find that *Pelfrey* controls the disposition of this matter.**

*Id*. at ¶17-18. This court then held that a verdict form which merely stated that Gregory was guilty of domestic violence did not comply with R.C. 2945.75(A)(2) and resulted in plain error. *Id.* at ¶21. This court then reversed the conviction finding that he could only be convicted of the least degree of the offense. *Id*. at ¶26.

{¶10} Recently, the Ohio Supreme Court has again addressed this issue in *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374. In *McDonald*, the defendant was indicted on and found guilty by a jury of a third degree felony count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii). *Id*. at ¶3. The verdict form in the case indicated that McDonald was guilty of failure to comply with order or signal of police officer and caused a substantial risk of serious physical harm to

person or property. *Id*. at ¶6. McDonald appealed the conviction arguing that the verdict form did not set out the degree of the offense or list the aggravating elements to elevate the offense from a misdemeanor to a felony. *Id*. at ¶9. The appellate court denied the appeal and affirmed the trial court. *Id.* at ¶11. Noting that its decision was in direct contradiction of that of this court in *Schwable,* the appellate court certified a conflict and raised the following issue. *McDonald, supra* at ¶12.

> **Is the inclusion of the "substantial risk of serious physical harm to persons or property" language from R.C. 2921.331(C)(5)(a)(ii) sufficient to sustain a third-degree-felony conviction for a violation of R.C. 2921.331(B) when the verdict fails to set forth the degree of the offense and also fails to reference or include language from R.C. 2921.331(B)?**

*Id*. The Supreme Court discussed the facts of the case in light of its prior holding in *Pelfrey*, but did not address the holding in *Eafford*. The Supreme Court stated that "*Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *Id.* at ¶17. "In this case, which involves a criminal statute in which the addition of certain elements enhances the crime of failure to comply with the order or signal of a police officer, we look only to the verdict form signed by the jury to determine whether, pursuant to R.C. 2945.75, McDonald was properly convicted of a third-degree felony." *Id*. at ¶18.

This is different from what the Supreme Court did in *Eafford*, where the Supreme Court considered the indictment, the evidence, and the jury instructions as well as the verdict. The most recent pronouncement of the Supreme Court is that nothing outside of the verdict form should be considered in reaching a conclusion as to whether the verdict form is sufficient to support a conviction for anything greater than an offense of the least degree. *Id*. at ¶19.

{¶11} In the case before us, Duncan was charged with robbery in violation of R.C. 2911.02(A)(2), which is a second degree felony.

> **(A) No person in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:**
>
> **(1) Have a deadly weapon on or about the offender's person or under the offender's control;**
>
> **(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;**
>
> **(3) Use or threaten the immediate use of force against another.**
>
> **(B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.**

R.C. 2911.02. To raise the degree of offense for robbery from a third degree to a second degree felony, the state must prove certain additional elements. In this case, the State was required to prove that the defendant inflicted, attempted to inflict, or threatened to inflict physical harm in order to satisfy subsection (A)(2),

and obtain a conviction for a felony of the second degree.  The third degree felony only requires the State to prove that the defendant used or threatened the use of immediate force.  A robbery pursuant to R.C. (A)(3) has been determined to be a lesser included offense of (A)(2) because the infliction, attempt to inflict or threat to inflict physical harm requires that a defendant also use or threaten to use force.  *State v. Watson,* 154 Ohio App.3d 150, 2003-Ohio-4664, 796 N.E.2d 578 (8th Dist.); *State v. Bell*, 8th Dist. Cuyahoga No. 87813, 2006-Ohio-6762; and *State v. Jones*, 193 Ohio App.3d 400, 2011-Ohio-1717, 952 N.E.2d 513 (12th Dist.).[2]  Thus the degree of offense changes upward from a third degree to a second degree offense if the State can prove the additional factor of a threat, attempt, or infliction of physical harm.

{¶12} The verdict form in this case, as set forth above, did not specify the degree of the offense and did not state the additional element that would allow this offense to be a second degree felony rather than a third degree felony.  This is a requirement of R.C. 2945.75(A)(2).  *Pelfrey, supra*.  This court may only consider the language of the verdict form to determine the statutory compliance.  *McDonald, supra* at ¶18 and R.C. 2945.75(A)(2).  Thus, pursuant to the holdings of the Ohio Supreme Court in *Pelfrey* and *McDonald,* as well as the "clear and

---

[2] This court recognizes that the 10th District has indirectly held that a violation of (A)(3) is not a lesser included offense of (A)(2) by finding that they are separate, distinct offenses. *State v. Brown*, 10th Dist. Franklin Nos. 10AP-836, 10AP-845, 2011-Ohio-3159.  The dissent cites to several other cases, however, they focus on different statutes and address issues outside of the verdict form.

complete" statute, R.C. 2945.75(A)(2), the verdict form in this case does not meet the statutory requirements of R.C. 2945.75(A)(2). The language of the statute clearly states that if the degree of the offense is not set forth in the verdict form or if such additional element/elements which makes/make an offense one of more serious degree is/are not listed, then the remedy is that the defendant may only be convicted of the least degree of the offense. Therefore, Duncan can only be convicted of robbery as a felony of the third degree in this case. The assignment of error is sustained.

{¶13} Having found error prejudicial to the Appellant, the judgment of the Court of Common Pleas of Logan County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, J., Concurring separately.**

{¶14} I concur with the result reached by the majority in this case. However, I write separately to express my dismay by the dissent's reliance on *State v. Brown*, 10th Dist. Franklin Nos. 10AP-836, 10AP-845, 2011-Ohio-3159, an opinion that is unpersuasive and inconsistent with this court's own precedent, and the dissent's erroneous consideration of matters outside of the verdict form to determine that there is no plain error.

{¶15} I must first state that I am appalled by the lack of legal acuity that allows this issue to reoccur after seven years of discussion and judicial opinions addressing it. This issue could, and should, have been eliminated during the preparation of the verdict form by simply adding a few words. We can hope that in the future prosecutors and trial courts will carefully review the verdict form before submitting it to the jury and that such lapses will not be repeated.

{¶16} The dissent has placed an inordinate amount of importance on the term "additional elements" and has argued that the various subsections of the robbery statute do not contain "additional elements," but rather each subsection specifies a different offense. To support its position, the dissenting opinion relies on the Tenth District's opinion in *Brown*, an opinion which is both unpersuasive and inconsistent with *this court's* precedent.

{¶17} The court in *Brown* reasoned that *Pelfrey* does not apply to a verdict form for a robbery conviction under R.C. 2911.02 because each subsection of the statute "creates a separate offense and has a separate penalty. * * * There are no additional elements or attendant circumstances, unlike the statute in *Pelfrey*, that can increase the degree of the offense or the penalty." *Brown*, 2011-Ohio-3159, ¶ 13.

{¶18} This characterization of R.C. 2911.02 is in conflict with the recent ruling in *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042. In *McDonald*,

the statute at issue contained the essential elements of two separate and distinct offenses of failing to comply with the order of a police officer, however, "[t]he only *path* to a felony conviction for failure to comply with the order or signal of a police officer is through R.C. 2921.331(B)." (Emphasis added.) *Id.* at ¶ 22. While the verdict form did not specify the elements of either path, it did specify the additional finding that would have been necessary to elevate the offense from a misdemeanor to a felony. *Id.* at ¶ 25. The Court noted:

> If the jury had believed that McDonald had simply failed to comply with the order of Officer Runyon but did not see or hear the signal or intentionally flee him, but in failing to comply managed to create a substantial risk to injury to persons or property, the very verdict form used in this case would have fit that conclusion. And that conclusion would have yielded a misdemeanor, because it would have reflected only a violation of R.C. 2921.331(A).

*Id.* at ¶ 24. As the court could not tell from the verdict form which path the jury chose, McDonald could only be found guilty of the least form of the offense. *Id.* at ¶ 25.

{¶19} Here, R.C. 2911.02 plainly states:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

-15-

(3)   Use or threaten the immediate use of force against another.

(B)   Whoever violates this section is guilty of robbery.  A violation of division (A)(1) or (2) of this section is a felony of the second degree.  A violation of division (A)(3) of this section is a felony of the third degree.

R.C. 2911.02(A) criminalizes one offense, robbery, but it creates different paths for the jury to find the defendant guilty of the robbery offense depending on the attendant circumstances surrounding an offender's conviction.  If the attendant circumstances listed in R.C. 2911.02(A)(1) or (2) are present, then R.C. 2911.02(B) states that the offender is guilty of a second degree felony.  Conversely, if the attendant circumstance listed in R.C. 2911.02(A)(3) is present, then R.C. 2911.02(B) states that the offender is merely guilty of a third degree felony.  Based on these dynamics, R.C. 2911.02 clearly refers to two different sets of attendant circumstances that vary the degree of felony and *Brown*'s statement to the contrary should be disregarded.  The opinion in *Brown* also completely ignores the issue that a robbery committed pursuant to R.C. 2911.02(A)(3) is a lesser included offense of R.C. 2911.02(A)(2), and that the presence of an additional attendant circumstance is what will elevate the offense.  *See* Majority Opin., ¶ 11.

{¶20} In addition to *Brown*'s flawed reasoning, *Brown* is inconsistent with this court's own precedent.  In *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, we found that *Pelfrey* applied to a verdict form finding the defendant

-16-

guilty of R.C. 2911.12[3], which has a similar statutory framework as R.C. 2911.02. *Id.* at ¶ 61. We have also found that *Pelfrey* applied to a verdict form finding the defendant guilty of R.C. 2921.04, which also has a similar statutory structure as R.C. 2911.02. *State v. Sessler*, 3d Dist. Crawford No. 3-06-23, 2007-Ohio-4931, ¶ 13, *aff'd* 119 Ohio St.3d 9, 2008-Ohio-3180. Therefore, the dissent's reliance on *Brown* is misplaced.

{¶21} Further, the dissent states "assuming somehow that there were additional elements or attendant circumstances to consider in the verdict form, I

---

[3] R.C. 2911.22, in relevant part, states:

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

* * *

(D) Whoever violates division (A) of this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

would apply *Eafford* to this case over *Pelfrey* or *McDonald*."[4]  Dissent Opin., ¶ 22. The dissent then looks at the indictment, the evidence presented at trial, and closing arguments to determine that there was no plain error in this matter, something that is expressly and unambiguously prohibited by the Ohio Supreme Court.  *See State v. McDonald*, 2013-Ohio-5042, ¶ 17 ("*Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the *only* relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed.");  *Pelfrey*, 2007-Ohio-256, ¶ 14 ("The express requirement of [R.C. 2945.75] cannot be fulfilled by demonstrating additional circumstances, such as the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form * * *.").

{¶22} The Ohio Supreme Court in *Pelfrey* and *McDonald* instruct us we cannot go outside of the verdict form to determine which form/degree of the offense has been found.  Since almost every case the dissent cites to looks outside the verdict form to determine the level of the offense, I do not find those cases persuasive.  Therefore, because we cannot determine from the *verdict form* which

---

[4] In *State v. Gregory*, 3d Dist. Hardin No. 6-12-02, 2013-Ohio-853, the dissenting opinion heavily criticized the majority opinion for using an "apparent personal preference for the *Pelfrey* decision" and stated that it was not aware of any "legal basis for an intermediate court of appeals taking such a position with regard to the most recent decision of the Ohio Supreme Court * * *." *Id.* at ¶ 34.  However, in the case sub judice, the dissent appears to have a personal preference for the *Eafford* decision and chooses to ignore the most recent decision of the Ohio Supreme Court, *McDonald*.

subsection applies, we can only authorize a conviction on the least degree of the offense.

**SHAW, J., Dissents.**

{¶23} I respectfully dissent. The decision of the majority is in direct conflict with decisions of the Second, Fourth, Fifth, Ninth, Tenth and Eleventh District Courts of Appeals, all of which have concluded that R.C. 2945.75 and the *Pelfrey* decision do not apply to criminal statutes, including the one before us, where there are no "additional elements" that can increase the degree or the penalty for the stated offense. As these decisions demonstrate, the analysis of the majority in this case is flawed in presuming that the various subsections (1), (2), and (3) of Ohio's Robbery statute, R.C. 2911.02(A), merely set forth enhanced additional elements of some least serious form of Robbery, when in fact, each of those subsections sets forth an entirely separate and distinct offense of Robbery, each with its own unique set of elements necessary to constitute that particular offense.

{¶24} In *State v. Brown*, 10th Dist. No. 10AP-836, 10AP-845, 2011-Ohio-3159, the Tenth District Court of Appeals considered the exact question before this court and determined that an essentially identical verdict form dealing with R.C. 2911.02(A)(2) did not violate R.C. 2945.75 or *Pelfrey*. Because I would

Case No. 8-12-15

apply the Tenth District's *unanimous* analysis in the case before us, I quote from it

at length.

> **Brown raises this challenge in connection with his conviction for the second-degree felony form of robbery, R.C. 2911.02(A)(2). The jury signed a verdict form for that count which read, in pertinent part: "[w]e the jury find defendant, Paul R. Brown GUILTY OF ROBBERY, as he stands charged in * * * the Indictment." Brown was indicted under R.C. 2911.02(A)(2) and (3). The verdict form does not contain the degree of the offense or any statement of an aggravating element. Based upon *Pelfrey,* Brown contends that he can be convicted only of the least degree of the offense. We disagree.**
>
> **R.C. 2911.02(A) prohibits three different kinds of conduct while the offender is attempting or committing a theft offense, or in fleeing immediately thereafter the attempt or offense: (1) have a deadly weapon on the offender's person; (2) inflict, attempt to inflict, or threaten to inflict physical harm on another; or (3) use or threaten the immediate use of force against another. Each provision creates a separate offense and has a separate penalty. R.C. 2911.02(B). There are no additional elements or attendant circumstances, unlike the statute in *Pelfrey,* that can increase the degree of the offense or the penalty. Therefore, Brown's reliance on *Pelfrey* is misplaced. See *State v. Kepiro,* 10th Dist. No. 06AP–1302, 2007–Ohio–4593, ¶ 33–34 (distinguishing *Pelfrey* in similar manner in analyzing verdict form for violation of R.C. 2907.05); *State v. Crosky,* 10th Dist. No. 06AP655, 2008–Ohio–145, ¶ 143–53.**
>
> **Here, the verdict form did not need to include the degree of the offense or a statement that an aggravating element has been found by the jury because R.C. 2911.02(A)(2) is a separate and distinct offense with its own penalty. Accordingly, the verdict form did not violate R.C. 2945.72 and we overrule Brown's second assignment of error.**

*Brown*, ¶¶ 12-14.

{¶25} The Tenth District's decision in *Brown* makes clear that where no additional elements are present to enhance a crime, reliance on *Pelfrey* is misplaced. This is consistent with R.C. 2945.75, as R.C. 2945.75 is *only applicable* by its own language "[w]hen the presence of *one or more additional elements* makes an offense one of more serious degree[.]" (Emphasis added.) R.C. 2945.75(A). The statute, by its own language, does not apply to the essential elements of a crime. As the Tenth District stated in *Brown* there are no "additional elements" in R.C. 2911.02. The elements of each different Robbery subsection are separate and distinct offenses, containing only the essential elements. Therefore, *Pelfrey* is not applicable to R.C. 2911.02(A)(2).

{¶26} *Brown*'s holding is not unique regarding the inapplicability of *Pelfrey* and R.C. 2945.75 to certain statutes. It is consistent with numerous decisions from other Ohio Appellate Districts wherein *Pelfrey* and/or R.C. 2945.75 have been found not to be applicable to various statutes where there are no additional elements and where, as here, statutory subsections actually constitute entirely separate offenses, each with their own unique set of elements.

{¶27} See, for example: *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶¶ 35-36 (holding "[a] violation of R.C. 2907.05(A)(4) [Gross Sexual Imposition] is a felony of the third degree. * * * There are no additional elements that will enhance this offense to a higher degree.

-21-

R.C. 2907.05 does contain other subsections, but each has their own separate elements[.]" Therefore, *Pelfrey* does not apply to R.C. 2907.05(A)(4).); *State v. Anderson*, 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 30 (finding *Pelfrey* inapplicable to R.C. 2905.01 [Kidnapping] because "no aggravating or additional element must be proved by the State to elevate kidnapping to a felony of the first degree" rather "the defendant bears the burden of establishing the existence of a mitigating factor which might reduce the offense level."); *State v. Reynolds*, 5th Dist. Richland No. 09-CA-13, 2009-Ohio-3998, ¶¶ 43-45 (holding "R.C. 2921.36, [Prohibited conveying of certain items onto property of state facilities] which Appellant was convicted under, prohibits different kinds of conduct * * * [therefore] [t]here is no enhancement necessary" and *Pelfrey*/R.C. 2945.75 do not apply); *State v. Jones*, 4th Dist. Adams No. 13CA960, 2013-Ohio-5889, ¶¶ 11, 17 (holding "[t]he illegal conveyance statute found in R.C. 2921.36 is a statute in which each division stands alone. * * * *Merely because there are different levels of offenses contained within one statute does not mean that the statute is subject to the language of R.C. 2945.75*" and therefore *Pelfrey* is not applicable) (Emphasis added.) (Citation omitted); *State v. Norman*, 4th Dist. Ross No. 08CA3059, 2009-Ohio-5458, ¶ 62 (holding, "Aggravated Robbery under R.C. 2911.01 does not have multiple degrees of seriousness. For this reason, R.C. 2911.01 differs from the statutes addressed in *Pelfrey*[.] * * * All offenses under R.C 2911.01 are

felonies of the first degree. * * * Therefore, * * * (1) R.C. 2945.75(A)(2) and *Pelfrey* do not apply to the present case; and (2) the verdict form did not have to include the degree of the offense or any aggravating elements to justify a conviction for Aggravated Robbery."); *State v. Nethers*, 5th Dist. Licking No. 07CA78, 2008-Ohio-2679 (finding *Pelfrey* did not apply to R.C. 2907.05(A)(4), Gross Sexual Imposition, as there are no additional elements); *State v. Hill*, 10th Dist. Franklin No. 09AP-398, 2010-Ohio-1687, ¶ 35 (holding "[a]bsent any degree-enhancing elements, Felonious Assault [in violation of R.C. 2903.11(D)] is a felony of the second degree" and R.C. 2945.75/*Pelfrey* are not applicable); *State v. Randles*, 9th Dist. Summit No. 26629, 2013-Ohio-4681, ¶ 9 (holding "that *Pelfrey* is inapplicable with respect to violations of Section 2907.02(A)(1)(b)," [Rape]). *See also State v. Vance*, 2d Dist. Montgomery No. 16322, 1997 WL 736496 (Nov. 26, 1997) (holding "[i]n gross sexual imposition as charged and indicted in this case under 2907.05(A)(3), the age of the victim is an *essential* element. It is not an *additional* element"); *State v. Brady*, 2d Dist. Montgomery No. 18682, 2001-Ohio-1445, (holding R.C. 2945.75 "is not applicable when an individual is indicted for Aggravated Burglary under R.C. 2911.11(A) [because] [t]here [are] no "additional elements [which] make[] [the] offense one of more serious degree."); *State v. Poling*, 11th Dist. Trumbull No. 88-T-4112, 1991 WL 84229 (May 17, 1991) (holding "although the two types of

Abuse of a Corpse defined under R.C. 2927.01(A) and (b) differ in degree, they are not distinguishable by the existence of the one additional element referred to in R.C. 2945.75(A)(2). Instead, the two types of abuse contain different elements * * * [t]hus, R.C. 2945.75(A)(2) is not applicable in this situation."); *State v. Alderman*, 4th Dist. Athens No. CA 1433, 1990 WL 253034 (Dec. 11, 1990) (holding "[Gross Sexual Imposition in violation of R.C. 2907.05(A)(3)] is always a felony of the third degree. There are no additional elements which raise or lower the penalty for that section. Each crime entails a unique element, not an additional element. Therefore, R.C. 2945.75 is not applicable.").

{¶28} In formulating a decision that runs contrary to the foregoing case law, the majority cites to *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180. In *Sessler*, the Ohio Supreme Court was presented with the question as to whether *Pelfrey* is "applicable to charging statutes that contain separate sub-parts with distinct offense levels?" Without opinion or any explanation, the Ohio Supreme Court answered this question in the affirmative under the authority of *Pelfrey*. *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180.[5]

{¶29} I share some of the obvious frustration noted by the majority over the fact that the Ohio Supreme Court has released decisions after *Pelfrey,* including

---

[5] While there was no written opinion by the majority, there was a written dissent.

*Eafford, McDonald*[6] and *Sessler*, which appear to summarily modify, contradict or in the case of *Sessler*, perhaps confirm key aspects of the *Pelfrey* decision - all without directly addressing any of the above. In this regard, it does not appear that anyone, including the Ohio Supreme Court, has a satisfactory explanation for the *Sessler* language.

{¶30} Nevertheless, the confusion or lack of clarity created by the Ohio Supreme Court with regard to the *Pelfrey* decision or even the unexplained, summary ruling in *Sessler* should not prevent us from recognizing that the case before us does not present a *Pelfrey* issue in the first place. Clearly, the other appellate districts in Ohio would seem to agree and I would note in particular, that a number of these decisions including *Brown*, *Anderson*, *Hill*, *Norman*, *Reynolds*, *Randles*, *Jones* and *Edwards*, *supra*, were released after *Sessler*,[7] and still found

---

[6] The concurring opinion relies heavily on the Ohio Supreme Court's recent decision in *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042. The statute at issue in *McDonald*, R.C. 2921.331, is clearly distinguishable from the statute in this case. In *McDonald* the statute specifically required *additional fact-finding* by the jury in order to elevate the offense from a misdemeanor to a felony, thus clearly mandating the application of R.C. 2945.75 with regard to verdict forms. No such additional elements or "additional fact-finding" is required under the statute before us making *McDonald* just as inapplicable to this case as *Pelfrey*. *See State v. Jones,* 4th Dist. Adams No. 13CA960, 2013-Ohio-5889, ¶¶ 16-18 (wherein the Fourth District Court of Appeals distinguished *McDonald* on the basis that the verdict form in *McDonald* required additional elements, whereas the statute at issue in *Jones*, R.C. 2921.36, did not. The Fourth District specifically found that a statute containing separate and distinct offense levels, like the statute before us, does not warrant the application of *Pelfrey* or *McDonald*. *Id*. at ¶¶ 9, 18.); *see also State v. Anderson*, *supra*.

[7] *Nethers*, which we also cited, was released just before *Sessler*; however the analysis in *Nethers* was cited in a later opinion discussing the same issue when the case was back up for appeal. *State v. Nethers*, 5th Dist. Licking No. 10-CA-94, 2011-Ohio-1317, ¶¶ 12-20. Although the same analysis was cited by majority in *Nethers II*, the issue was ultimately decided based on the doctrine of *res judicata*. *Id*. at ¶ 21.

*Pelfrey* inapplicable where a statutory subsection contains only essential elements, and no "additional" elements.[8]

**{¶31}** Based on the foregoing authority and analysis, I would find that the verdict form in this case does not invoke an issue under either R.C. 2945.75 or the *Pelfrey* decision as there are no "additional elements" in the statutory subsection before us.[9] However, even assuming somehow that there were additional elements or attendant circumstances to consider in the verdict form, I would apply *Eafford* to this case over *Pelfrey* or *McDonald*. The majority addresses and summarizes all three of these cases in its opinion, so I will not reiterate them here. For the sake of brevity, I will simply say that the indictment in this case contained the appropriate language of the offense and that language was incorporated into the verdict form. All of the evidence at trial and the closing arguments carefully addressed the elements at issue. As a result, I would find that, under *Eafford*, there was no plain error in these circumstances. *See State v. Gregory*, 3d Dist. Hardin No. 6-12-02, 2013-Ohio-853, ¶¶ 29-41 (Shaw, J. *dissenting*).

---

[8] In fact, *Edwards* and *Jones* discussed *Sessler* and still found *Sessler* and *Pelfrey*/R.C. 2945.75 inapplicable to the statute in those cases.

[9] Finally, I would note in passing that the approach adopted by the majority today in failing to recognize the difference between "additional elements" which enhance the degree of the least form of the offense and the "unique set of elements for separate offenses in each subsection" in many of Ohio's criminal statutes could be somewhat problematic to interpret in future cases. For example, if a charge of Robbery under section (A)(1) of R.C. 2911.02, which requires only the theft offense and a deadly weapon with no evidence of force or threat of force, were to be ruled a *Pelfrey* violation for failure of the verdict form to specify the deadly weapon, there is no "least degree of the offense of Robbery" conforming to the remaining subsections of the statute and under our decision today, the only crime stated by the verdict form in such a case would be that of petty theft. Such a ruling would itself seem to violate both the *Pelfrey* decision and the express language of R.C. 2945.75.

**{¶32}** I would affirm the judgment of the trial court.

**/jlr**